UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

JAMES SAMUEL FELKNOR                CIVIL ACTION NO. 11-cv-0822

VERSUS                              JUDGE STAGG

ROBERT HENRY FELKNOR, ET AL         MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

**Introduction**

James Samuel Felknor ("Plaintiff") filed this pro se civil complaint against Robert Felknor, Beverly Bohanan, and Ella Hardy.  The original submission complained of alleged slander by the named defendants and other persons, particularly rumors that Plaintiff is a child molester.  Plaintiff has filed several prior civil actions against family members, law enforcement officials, landlords, and others with whom he has had similar disagreements. The string of frivolous suits led the court to order in Felknor v. Felknor, 10-cv-1020, that the Clerk of Court decline to file any civil complaint submitted by Plaintiff unless the complaint was first presented to a district judge and the judge specifically authorized in writing that the complaint may be filed.

Plaintiff's original submission in this action was filed without submission to a district judge because Plaintiff said that he wished to overturn a guilty plea made in a state court criminal case, which sounded in the nature of a petition for a writ of habeas corpus.  Despite Plaintiff's history of frivolous litigation, the court did not wish to impede his ability to seek

habeas relief if warranted. Plaintiff has since filed multiple, additional submissions that demonstrate that the focus of this action is alleged defamation rather than relief from any state court criminal conviction. Furthermore, there is no indication Plaintiff exhausted his state court remedies prior to bringing a request for habeas relief. For these and additional reasons set forth below, it is recommended that this civil action be dismissed without prejudice.

**Earlier Civil Actions**

Plaintiff filed six pro se civil actions between July 2008 and June 2010. They are Felknor v. Tallowood Apartments, et al, 08-cv-1092 (alleging claims under the ADA and Constitution based on various disputes between Plaintiff and an apartment manager regarding parking spots, air conditioning, and other issues); Felknor v. Federal Express, et al 08-cv-1095 (asserting claims under the ADA, Fair Housing Act, and Constitution related to the mistaken delivery of a package to Plaintiff); Felknor v. Bossier Parish, et al 08-cv-1097 (alleging claims under the Constitution and ADA based on law enforcement efforts to retrieve the package that was mistakenly delivered to Plaintiff); Felknor v. Felknor, et al, 10-cv-0463 (asserting claims against a host of defendants under the Fair Housing Act based on Plaintiff's insistence that he, rather than other relatives, is entitled to his late mother's home); Felknor v. Heritage Properties, Inc., et al, 10-cv-0397 (asserting claims under the Constitution and Fair Housing Act based on the eviction of Plaintiff's friend from her apartment, and Plaintiff's related disagreements with the apartment complex management); and Felknor v. Felknor, et al, 10-cv-1020 (alleging that the same three defendants named in

this case spread a rumor that Plaintiff is a child molester).  Each of those civil suits was dismissed sua sponte for failure to state a claim, or pursuant to a defense motion to dismiss or for summary judgment.  Plaintiff has also filed an unsuccessful pro se appeal of a Social Security disability benefits decision.  Felknor v. Social Security, 10-cv-2573.

It was in 10-cv-1020 in July 2010 when Judge Hicks issued the order that the Clerk decline to file any civil complaint submitted by Plaintiff unless the complaint was first approved in writing by a district judge.  Plaintiff filed four new civil actions and at least two appeals after the order issued.  They are Felknor v. Felknor, 10-cv-1259 (complained of the same events raised in 10-cv-1020; dismissed by Chief Judge James for lack of subject-matter jurisdiction); Felknor v. Felknor, 10-CA-31042 (affirming dismissal in 10-cv-1259 and cautioning Plaintiff that additional frivolous appeals will invite sanctions); Felknor v. U.S.A., 10-cv-1399 (contesting denial of veteran's benefits; dismissed by Chief Judge James for lack of jurisdiction and lack of authorization by a district judge); Felknor v. U.S., 10-CA-31013 (affirming dismissal in 10-cv-1399 and warning that continued filing of frivolous motions and other pleadings in the appellate or district court will invite the imposition of sanctions); Felknor v. Felknor, 11-cv-1430 (asserting claims that family members spread rumors that Plaintiff is a child molester and interfered with Plaintiff's ability to inherit from his mother; complaint stricken by Chief Judge James); and Felknor v. Felknor, 11-cv-1488 (alleged relatives, the Air Force, VA, and others defamed Plaintiff and did not inform him of the severity of his injuries; complaint stricken by Chief Judge James).

**Analysis**

The court originally afforded Plaintiff a generous construction of his submission and allowed it to be filed as a habeas corpus petition.  A habeas petitioner must exhaust his state remedies by pursuing his claims through one complete cycle of either state direct appeal or post-conviction collateral proceedings.  Busby v. Dretke, 359 F.3d 708, 723 (5th Cir. 2004). The court may raise the lack of exhaustion sua sponte. Woodfox v. Cain, 609 F.3d 774, 792 (5th Cir. 2010). The opportunity to file objections following this recommendation will satisfy any due process concerns. Magouirk v. Phillips, 144 F.3d 348, 359 (5th Cir. 1998).

The court required Plaintiff to complete a habeas petition form that asked for information about the conviction and exhaustion process.  Petitioner stated that he had been convicted of child molestation and remaining after being forbidden, but added this was "evidently, but am just now finding that little tidbit out."  He identified himself as prisoner number BR549 and said he is serving a life sentence, but later submissions indicate that Plaintiff is not incarcerated.  He also checked boxes to indicate that he did not file any appeal or a post-conviction application in connection with any conviction.  Petitioner's grounds for relief include assertions that he has never been legally charged, the police have harassed him for the past 28 years, and state officials have a conflict of interest.  Petitioner also ventured into his defamation claims and the quality of his medical care at the VA hospital.  Petitioner has regularly filed additional submissions, and he now has 22 motions pending in this action. Two of them are motions to "rerun defamation case," and the other submissions make clear that the focus is on the alleged defamation rather than any habeas corpus relief. For example, Plaintiff states in a recent filing (Doc. 42) that he "wish(es) to sue only my family members

and who they told I was a child molester but not any person thereafter [subject to certain exceptions]."

Plaintiff's complaint, to the extent it seeks to assert defamation or other tort-type claims, should be dismissed based on the prior ban on filing a complaint without permission of a district judge, which should be denied.  To the extent this action can be construed as a petition for habeas corpus relief, it should be dismissed without prejudice for failure to exhaust state court remedies.  Petitioner admitted in a recent filing (Doc. 43) that he has made an "absolute mess" of this case and does not know how to fix it.  The only way to do so is dismissal.

Plaintiff has been warned time and time again, and he has been banned from filing without prior consent of a district judge, but it has done absolutely nothing to deter his filing of frivolous civil actions and motions.  Plaintiff is now advised that if he files one more frivolous civil action that is assigned to this judicial officer, it will be recommended that he be sanctioned to pay not less than $5,000.00.

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's complaint be **dismissed** without prejudice.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)© and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another

party's objections within seven (7) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 26th day of September, 2011.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE